# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BILL CASEY ELECTRIC SALES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19 cv 4515 |
| | ) | |
| v. | ) | |
| | ) | |
| CITIZENS INSURANCE COMPANY OF | ) | *Removed from the Circuit Court of* |
| AMERICA, a member of THE HANOVER | ) | *the Eighteenth Judicial Circuit Court,* |
| INSURANCE GROUP, | ) | *DuPage County, Illinois* |
| | ) | *Case No. 2019-L-000617* |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332(a)(1), 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446, Defendant, CITIZENS INSURANCE COMPANY OF AMERICA, a member of the HANOVER INSURANCE GROUP ("Citizens Insurance"), by and through its undersigned counsel, HeplerBroom, LLC, hereby removes this action from the Eighteenth Judicial Circuit Court, DuPage County, Illinois, to the United States District Court for the Northern District of Illinois. In support of its notice of removal, Defendant states the following:

1. On June 4, 2019, Plaintiff, Bill Casey Electric Sales, Inc. ("Bill Casey Electric") filed Case No. 2019-L-000617 in the Eighteenth Judicial Circuit Court, DuPage County, Illinois. (A true and accurate copy of the complaint is attached and incorporated as Ex. A).

2. In its complaint, Plaintiff alleges, *inter alia,* causes of action against Citizens Insurance for breach of contract and relief under Section 155 of the Illinois Insurance Code, arising out of a claim for property insurance benefits under Policy No. ZBC 4316831 25. (Ex. B, Exhibit A to Plaintiff's complaint).

3. At all times relevant, Plaintiff, Bill Casey Electric, was a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 1001 Industrial Drive, Bensenville, Illinois. (Ex. A, ¶ 1; *see also* true and accurate copies of the Illinois Secretary of State records are attached and incorporated as Ex. C).

4. At all times relevant, Defendant, Citizens Insurance, was a corporation duly organized and existing under the laws of the State of Michigan, with its principal place of business located at 808 North Highlander Way, in Howell, Michigan. (True and accurate copies of the Department of Insurance and Financial records are attached and incorporated as Ex. D).

5. Citizens Insurance was served with a copy of the summons and complaint on June 6, 2019. (A true and accurate copy of the served summons is attached and incorporated as Ex. E).

6. No substantive orders have been served on Citizens Insurance in the state court action, which has an initial case management conference calendared for September 3, 2019. (A true and accurate copy of the State Court Docket Sheet is attached and incorporated as Ex. F).

7. This Notice of Removal is filed within thirty (30) days after Citizens Insurance's receipt of the summons and complaint on June 6, 2019. Thus, the notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1).

### *Complete Diversity*

8. The Plaintiff, Bill Casey Electric, is an Illinois corporation with its principal place of business located in Bensenville, DuPage County, Illinois. (Ex. A, ¶ 1; *see also* Ex. B).

9. At all times relevant, Citizens Insurance was a Michigan corporation with its principal place of business located in Howell, Michigan and therefore, complete diversity exists between the Plaintiff and Defendant pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1332(c)(1). (Ex. D).

### *Amount in Controversy Satisfied*

10. As set forth in its complaint, Plaintiff seeks in excess of $50,000.00, plus pre-judgment interest, and other taxable costs in its contract count. (Ex. A, pgs. 2, 4).

11. Additionally, Plaintiff's complaint also lodges a cause of action for putative violations of Section 155 of the Illinois Insurance Code. (Ex. A) When a statutory penalty is sought as part of an underlying claim, it is properly considered part of the amount in controversy even if the statute labels the penalty as a "cost." El v. AmeriCredit Fin. Servs., Inc., 710 F.3d 748, 753 (7th Cir.2013); Mo. State Life Ins. Co. v. Jones, 290 U.S. 199, 202, 54 S.Ct. 133, 78 L.Ed. 267 (1933); *see also* Jump v. Schaeffer & Associates Insurance Brokerage, Inc., 123 F. App'x 717 (7th Cir.2005) [Section 155 damages are properly considered as part of the amount in controversy]

12. The statutory language of Section 155 provides that upon a finding of vexatious and unreasonable delay or action in connection with the underlying insurance claim, the Court may award reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

(a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $60,000;

(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILCS 5/155(1).

13. Accordingly, for purposes of the amount in controversy analysis, the contract count of Plaintiff's complaint contains a prayer for relief of at least $50,000. (Ex. A) Applying the

damage calculus of Section 155 (the lesser of 60% of the contract damages or $60,000) to the actual $50,000 *ad damnum* figure set forth in the complaint results in an additional $30,000 to be considered as part of the controversy. In other words, at a minimum, the amount in controversy is $80,000 - $50,000 from the contract count and another $30,000 from the Section 155 count.

11. Based on the above, the amount in controversy is in excess of $75,000, and the matter is between citizens of different states, and therefore the instant dispute is properly removable pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

12. After filing the original notice of Removal, Citizens Insurance will provide written notice of the same to Plaintiff and the Clerk of the Eighteenth Judicial Circuit Court, DuPage County, Illinois. (True and accurate copies of the Notice to State Court and Notice to Opposing Counsel are attached and incorporated as Exs. G and H).

WHEREFORE, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446, Defendant, CITIZENS INSURANCE COMPANY OF AMERICA, a member of the HANOVER INSURANCE GROUP, hereby removes this case from the Eighteenth Judicial Circuit Court, DuPage County, Illinois, to the United States District Court for the Northern District of Illinois, for all further proceedings in this matter.

        Respectfully submitted,

        CITIZENS INSURANCE COMPANY
        OF AMERICA,


      By: /s/ Amy E. Johnson_____
        One of its Attorneys


Rick Hammond, Esq.
Amy E. Johnson, Esq.
HEPLER BROOM, LLC
30 N LaSalle St., Ste. 2900
Chicago, Illinois 60602
Phone No. (312) 230-9100
Fax No. (312) 230-9201
Email: rick.hammond@heplerbroom.com
Email: amy.johnson@heplerbroom.com
***COUNSEL FOR CITIZENS INSURANCE COMPANY OF AMERICA***

**CERTIFICATE OF SERVICE**

I, Amy E. Johnson, hereby certify that on July 3, 2019 a true and correct copy of ***Citizens Insurance Company of America's Notice of Removal*** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the all counsel of record who have heretofore appeared in this matter.

/s/ Amy E. Johnson